# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5350 | **DATE** | 6/2/2000 |
| **CASE TITLE** | ROBERT and NANCY ZIVITZ vs. JOEL GREENBERG, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants David Bodner, Murray Huberfeld, and Broad Capital Associates, Inc. are held in civil contempt of court for failure to comply with this court's January 18, 2000 order to transfer their stock in Rapid Cast to plaintiffs Robert and Nancy Zivitz by March 21, 2000. Accordingly, the Broad defendants shall be fined on a daily basis until they purge their contempt by complying with the January 18 order. Effective June 12, 2000, Bodner, Huberfeld, and Broad Capital are ordered to pay to the Zivitzes a fine of $250 per day for the first seven days of non-compliance; the fine increases to $500 per day for the next seven days beginning June 19, 2000; and increases to $1,000 per day after June 26, 2000. If Bodner, Huberfeld, and Broad Capital fail to comply with the January 18, 2000 order by July 12, 2000, the court will consider additional civil contempt remedies. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. AOD | | JUN 05 2000 date docketed | |
| ✗ | Notified counsel by telephone. | | | 231 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 6/2/2000 date mailed notice | |
| JAD | courtroom deputy's initials | Date/time received in central Clerk's Office | ws mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT and NANCY ZIVITZ, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 98 C 5350 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JOEL GREENBERG, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

**JUN 0 5 2000**

## MEMORANDUM OPINION AND ORDER

As part of a suit against various defendants for common law fraud and conspiracy, Robert and Nancy Zivitz ("the Zivitzes") sued David Bodner ("Bodner"), Murray Huberfeld ("Huberfeld"), and Broad Capital Associates, Inc. ("Broad Capital") (collectively "the Broad defendants") for conspiracy. On the morning of December 1, 1999, the first day of trial, the Zivitzes settled their claims against the Broad defendants. The settlement agreement required the Broad defendants to tender to the Zivitzes both cash and stock in Rapid Cast, Inc. ("Rapid Cast"), a closely-held corporation. Under the terms of the agreement, the Broad defendants were to tender the consideration by December 15, 1999. The Broad defendants failed to do so, and on December 17, 1999, the Zivitzes moved for an order enforcing the settlement agreement.

The court held a hearing on the motion to enforce on January 18, 2000. The Broad defendants represented that in order to transfer the stock to the Zivitzes, they had to comply with Rapid Cast's shareholder agreement. They asserted notice of the proposed stock transfer had to be given to Rapid Cast's shareholders and that they had to make a demand on Rapid Cast to authorize the transfer. Tr. 1/18/00 at 12-13. The Broad defendants' counsel further represented that the

shareholder agreement provided for a sixty-day window from the making of the demand within which the transfer could be completed. Id. at 14. Despite the fact that over a month had elapsed since the Broad defendants agreed to transfer the Rapid Cast stock to the Zivitzes, it appeared the Broad defendants had done nothing to effectuate the transfer. The court relied on the representations of counsel for the Broad defendants in setting the deadline for compliance. Thus, the court ordered the Broad defendants to transfer the Rapid Cast stock to the Zivitzes by March 21, 2000. The court also ordered the Broad defendants to transfer the cash consideration by the end of the day on January 18.

It is important to note that at the hearing, the court voiced its skepticism of the Broad defendants' good faith in failing to take the basic necessary steps to implement the stock transfer. The court noted that during discussions between counsel as to why the Broad defendants had not complied with the settlement agreement, the Broad defendants failed to disclose that they were preparing to file a lawsuit in the Southern District of New York to collaterally attack the settlement agreement and to seek a declaratory judgment excusing them from compliance with the settlement agreement. Tr. 1/18/00 at 22-23. The court enjoined the Broad defendants from doing so, and explained that the attempt to obtain a judgment in another district excusing them from performance of the settlement agreement "appears . . . as a continued attempt to avoid the obligations they freely made . . . in the settlement agreement." Tr. 1/18/00 at 21.

The Broad defendants timely transferred the cash consideration on January 18. But they failed to transfer the Rapid Cast stock by the March 21 deadline; indeed, the stock has still not been transferred. According to the Broad defendants, their counsel, McDermott, Will & Emery, circulated a notice of the stock transfer to Rapid Cast's shareholders on January 26, 2000, and the notice period expired on February 18, 2000. Huberfeld Aff. ¶¶ 7,8. No Rapid Cast shareholder objected, and

Rapid Zivitzes discovered improprieties in the notice of transfer. The Zivitzes feared that without a proper notice, the stock transfer would not comply with the Rapid Cast shareholder agreement and would therefore be ineffective. Greenbaum Aff. ¶ 8. The Zivitzes informed the Broad defendants of their concerns on March 15. The Broad defendants contend they were working with the Zivitzes to draft a proper notice after March 15. They assert that their counsel began preparing a new notice after March 15, but that McDermott, Will & Emery ceased taking any action on their behalf on April 7 and withdrew as counsel on May 3. Huberfeld Aff. ¶ 24.

The parties apparently continued to try to work out the problems with the notice, but to no avail. On April 28, the Zivitzes petitioned the court to issue a rule to show cause why the Broad defendants should not be held in contempt for their failure to comply with the court's January 18 order. The court granted the petition and ordered the Broad defendants to show cause for their failure to comply.

## DISCUSSION

A district court may secure compliance with its own decrees in civil contempt proceedings. D. Patrick, Inc. v. Ford Motor Co., 8 F.3d 455, 459 (7th Cir. 1993); Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494-95 (7th Cir.1990). The Supreme Court has held that "[c]ivil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949). "To hold a party or witness in civil contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party or witness in contempt violated." Jones v. Lincoln Electric Co., 188 F.3d 709, 738 (7th Cir. 1999) (citations omitted).

3

At the January 18 hearing, and in a minute order entered that same day, the court clearly and unequivocally ordered the Broad defendants to transfer their Rapid Cast stock to the Zivitzes by March 21, 2000. The Broad defendants are in contempt of this order. The Broad defendants concede they failed to meet the March 21 deadline, and that they have yet to transfer the stock to the Zivitzes. Far from showing a good faith attempt to use their best efforts to comply with the March 21 deadline, the events since January 18 suggest a continued effort to shirk their settlement obligations. The Broad defendants offer only a single excuse for their failure to meet the March 21 deadline: that the initial stock transfer notice distributed to Rapid Cast's shareholders in January was defective and needed revision. They contend they were not aware the notice was defective until the Zivitzes notified them on March 15, and assert a new notice could have been timely drafted had the Zivitzes notified them in late January or early February.

The Broad defendants attempt to place "some shared responsibility for the delay in the transfer of stock, and thus, for the non-compliance with" the court's January 18 order on the Zivitzes. Broad Def. Resp. at 4 n. 2. However, the Broad defendants' attempt to shift blame to the Zivitzes and away from their own efforts is unavailing. The Zivitzes were not obligated to assist the Broad defendants in complying with Rapid Cast's shareholder agreement. The Broad defendants point to no provision in the settlement agreement obligating the Zivitzes to assist in drafting the stock transfer notice or otherwise to effect the stock transfer. The Zivitzes notified the Broad defendants of the defective notice in a reasonable manner. Despite their repeated requests in late January and February 2000 for a copy of Rapid Cast's shareholder agreement, the Zivitzes were not provided a copy until March 9, 2000. Greenbaum Aff. ¶¶ 6-7. It was only after receiving a copy of the shareholder

agreement that the Zivitzes recognized the transfer notice did not comply with the agreement, and they promptly notified the Broad defendants of these deficiencies on March 15, 2000. Id. ¶¶ 8-9.

The Broad defendants agreed to transfer stock to the Zivitzes over six months ago. There has been more than sufficient time for the Broad defendants to familiarize themselves with Rapid Cast's transfer requirements and to draft and circulate an adequate notice. Unquestionably, the Broad defendants have been aware for more than two months that the initial transfer notice was defective. The Broad defendants' finger-pointing at the Zivitzes does not constitute good cause for their failure to draft an adequate notice within this time. And the Broad defendants' change in counsel does not justify their failure to draft an adequate notice, as at least three weeks passed between March 15 and the date McDermott, Will & Emery ceased working on their behalf. Three weeks have passed since they retained new counsel, yet there is a failure to demonstrate the Broad defendants have used their best efforts to draft an adequate shareholders' notice.

Indeed, the Broad defendants' failure appears to be in bad faith. The court had no notice of the March developments until the Zivitzes petitioned for a rule to show cause. The Broad defendants assert they did not advise the court of the defective notice and request an extension of the March 21, 2000 deadline because they lacked familiarity with court procedure and failed to appreciate the gravity of the court's January 18 order. According to the Broad defendants, they believed that as long as they were attempting to rectify the defective notice, all parties and the court would be satisfied despite their failure to comply with the March 21 deadline. These contentions are not credible. The Broad defendants are sophisticated corporate litigants represented by two different sets of experienced counsel. The Broad defendants do not suggest the Zivitzes agreed to extend the transfer deadline. This is not surprising. Five months ago, the Zivitzes manifested their frustration

5

with the Broad defendants' failure to comply with the settlement agreement by seeking an order enforcing the agreement. The Zivitzes asked the court to set a deadline for the stock transfer. The court did so after accepting the Broad defendants' representations as to the time needed to effectuate transfer. In these circumstances, the Broad defendants' purported belief that the Zivitzes or the court would excuse their failure to comply with the March 21 deadline is not worthy of belief.

Finally, "in a civil contempt proceeding, 'a court may, at its discretion, order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention.'" South Suburban Housing Center v. Berry, 186 F.3d 851, 855 (7th Cir. 1999) (quoting Commodity Futures Trading Commission v. Premex, Inc., 655 F.2d 779, 785 (7th Cir. 1981)). The Zivitzes will be awarded attorneys' fees and costs incurred in bringing this petition.

## CONCLUSION

The court finds by clear and compelling evidence that David Bodner, Murray Huberfeld, and Broad Capital Associates, Inc. are in civil contempt of court for failure to comply with this court's January 18, 2000 order to transfer their stock in Rapid Cast to the Zivitzes by March 21, 2000. Accordingly, the Broad defendants shall be fined on a daily basis until they purge their contempt by complying with the January 18 order. Effective June 12, 2000, Bodner, Huberfeld, and Broad Capital are ordered to pay to the Zivitzes a fine of $250 per day for the first seven days of non-compliance; the fine increases to $500 per day for the next seven days beginning June 19, 2000; and $1,000 per day after June 26, 2000. If Bodner, Huberfeld, and Broad Capital fail to comply with the January 18, 2000 order by July 12, 2000, the court will consider additional civil contempt remedies.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 2, 2000